(September 28, 1912.)

## ADIN M. HALL, Respondent, v. WILLIAM H. BLACKMAN, Appellant.

[126 Pac. 1047.]

WATER RIGHTS—CHANGE OF PLACE OF USE—CHANGE THAT INJURES ANOTHER APPROPRIATOR.

(Syllabus by the court.)

1. Where B. had certain water rights decreed to a specific tract of land, and H., a subsequent appropriator lower down the stream, had certain subsequent rights decreed to him, B. will not be permitted to thereafter carry a part of his appropriation beyond the lands formerly irrigated, and irrigate other and additional new lands, where in so doing he deprives H. of the benefit of the use of the seepage, waste and percolating waters which he formerly received from the use of the waters on the tract of land to which they were decreed.

2. A change of the place of use of the waters will not be permitted where to do so will damage another appropriator.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Edward A. Walters, Judge.

Action to enjoin the defendant from applying a part of his water appropriation to land other than that to which it had formerly been applied. Judgment for the plaintiff and defendant appealed. *Affirmed.*

L. B. Green and Wyman & Wyman, for Appellant.

E. M. Wolfe, for Respondent.

Counsel cite no authorities on points decided.

AILSHIE, J.—This is an appeal from a decree perpetually enjoining the appellant "from changing the place of the beneficial use of the water appropriated by him as shown by the findings, so as to cover or to apply the same upon the lands known as the Armitage Ranch, or to so use or divert the same that the surplus may not return again to Bennett creek after beneficial use thereof, at a point above the intake of plaintiff's ditches."

In an action brought by respondent herein against the appellant in 1899, a decree was entered and subsequently affirmed by this court (*Hall v. Blackman*, 8 Ida. 272, 68 Pac. 19), establishing the rights of the respective parties to the waters of Bennett creek in Elmore county, and decreeing the respective appropriations for certain tracts of land owned by these parties. Under that decree the appellant herein was awarded for certain lands therein described an appropriation of 238 inches dating from March 1, 1872, and 114 inches dating from March 1, 1886. The respondent herein was awarded by that decree 150 inches dating from April 1, 1879, 140 inches from April 1, 1882, 100 inches from April 1, 1885, 20 inches from April 1, 1886, 10 inches from May 1, 1886, and 220 inches from April 30, 1893. These several appropriations were awarded and decreed for specified tracts of land. Some years after this decree was entered and affirmed, the appel-

lant Blackman acquired title to a tract of adjoining land, known as the Armitage tract, and appears to have irrigated from time to time a small portion thereof—something like ten acres—from flood and waste waters, and during the last few years has been turning out a small quantity—from twenty to thirty inches—from his regular appropriation for use on this tract of land. It is not entirely clear whether he has used this from his '72 or his '86 appropriation. The real trouble, however, seems to have arisen in this case more on account of the place of the use than the quantity of water applied, and that difficulty is due to this fact: By carrying any of this water on to the land known as the Armitage tract, the seepage and waste water is carried off so that it does not return to Bennett creek above the respondent's headgate, and so the respondent gets no benefit from any of the waste or seepage water from this tract of land, whereas he acquired the full benefit of all waste and seepage and percolating water from the appellant's appropriation when used upon the lands to which it was originally decreed. The respondent's headgate is below appellant's lands, and it appears that the water rises, evidently from seepage and percolation, in the bed of Bennett creek between respondent's headgate and appellant's headgate, and as a consequence the respondent has during all these years enjoyed the benefit of the seepage, percolation and waste from the use and application of appellant's appropriation.

The trial court found in substance the foregoing facts, and that it would be a great injury and damage to the respondent herein to allow the appellant to continue to divert and use any part of his appropriation upon the tract of land described as the Armitage tract, and accordingly perpetually enjoined him from so doing. The evidence in the record is sufficient to support and sustain this finding and conclusion made by the trial court.

We do not deem it necessary to consider in this opinion the main question urged by appellant, namely, that a water user who has an adjudicated water right of a certain number of inches for a given tract of land may transfer a part of

that water to other and new lands, so long as he does not divert and use more than the maximum of his appropriation. In other words, the appellant contends that if the farmer who has an established water right finds that he is able, by improving his land and economical distribution and use of the water decreed to him, to successfully cultivate the tract of land to which the water has been decreed and still have a quantity of the water left, he may properly and lawfully apply that water to the reclaiming of new lands, and that no other appropriator or user of water has a right to complain of such action. The respondent admits that the water user may transfer a water right from one tract of land to another, provided it does not injure another appropriator, but he contends that one having a decreed right to a specific tract of land cannot irrigate that tract and then carry any additional quantity of water which he may have remaining on to new lands, but that such surplus water should be allowed to flow down the main stream for the use of other appropriators. We do not deem it necessary or expedient to consider this question in the present case, for the reasons above stated.

From the whole record, we think the judgment of the trial court should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.